UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80440-CIV-MARRA/BRANNON

DANIEL LUGO,

Plaintiff,

vs.

141 NW 20TH STREET HOLDINGS, LLC,
PLUM PARK, II, LLC and THE END, LLC,

Defendants.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Plum Park II, LLC's ("Defendant" "Plum

Park") Motion to Dismiss Plaintiff's Complaint.[1] (DE 8.)  Plaintiff Daniel Lugo ("Plaintiff")

responded to the motion. (DE 11).  No reply memorandum was filed.  The Court has carefully

considered the Motion and the response and is otherwise fully advised in the premises.

I.  Background

Plaintiff has filed an action for injunctive relief pursuant to Title III of the Americans

with Disabilities Act , 42 U.S.C. § 12181 et seq. ("ADA") against Defendants 141 NW 20th

Street Holdings, LLC (count one) and Plum Park II, LLC (count two) (collectively,

"Defendants").  According to the Complaint, Defendants are the owners and/or operators of a

property, which is a shopping center/office center comprised of buildings located at 141 NW 20th

Street, Boca Raton, Florida.  (Compl. ¶ 4.)   This property is a place of accommodation pursuant

---

[1] The motion was filed by Defendants Plum Park II, LLC and The End, LLC.  On May 24,
2012, the Court granted Plaintiff's Motion to Drop The End, LLC as a Defendant with Prejudice.
(DE 10.)

to the ADA. (Compl. ¶ 8.)   Defendant owns and operates the portion of the property located at Buildings C and E.  (Compl. ¶ 4.)  Plaintiff is a disabled individual and is substantially limited in performing one or more major life activities, including walking, due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident.  Plaintiff uses a wheelchair to ambulate and has limited use of his hands and fingers.  Plaintiff's access to Defendants' property is restricted and limited because of his disabilities. In addition, his access will be restricted in the future unless Defendants are compelled to remove physical barriers to access and cure the ADA violations that exist at the property.  "Plaintiff intends to return to the property soon to avail himself of the goods and services offered to the public at the [p]roperty." (Compl. ¶ ¶ 3, 10-11.)  Plaintiff visited the property on March 15, 2012. (Compl. ¶ 9.)

Plaintiff has identified a list of unlawful physical barriers and dangerous conditions which preclude him, due to his disabilities, from accessing Defendant's property and fully enjoying the goods, services, facilities, privileges, advantages of the accommodations. (Compl. ¶ ¶ 9, 20.) These include the following non-compliant items:  curb ramps, accessible routes, ramps, disabled person parking spaces, passenger loading zone, restroom, signage, counters and accessible routes from parking spaces/ passenger loading zones/ public street/sidewalk and a public transportation stop.  (Compl. ¶ 20.)   The removal of these physical barriers and dangerous conditions are "readily achievable." (Compl. ¶ 22.)  Plaintiff is suffering irreparable harm and anticipates that he will continue to suffer irreparable harm unless Defendant removes the physical barriers and dangerous conditions. (Compl. ¶ 23.)

Defendant moves to dismiss the Complaint, claiming that the Complaint does not sufficiently plead a disability, the denial of full and equal enjoyment, and that the removal of the

barriers encountered by Plaintiff is "readily achievable." (Mot. at 3-5.)   In addition, Defendant asserts that the Complaint does not demonstrate that Plaintiff has standing or support injunctive relief.  (Mot. at 6-10.)

    II.  Legal Standard

    Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a).  To meet the burden of proof in discrimination cases focused on pre-existing buildings, a plaintiff must present evidence of a barrier, the removal of which is "readily achievable."  Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006); see Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001) (discrimination includes "a private entity's failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.") (internal quotation marks omitted); see also 42 U.S.C. § 12181(9) ("'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense.").

After careful consideration, the Court finds that Plaintiff has properly pled a Title III ADA discrimination claim.  Plaintiff has alleged that he is disabled due to permanent damage to his spinal cord and a broken neck, uses a wheelchair to ambulate, and is substantially limited in performing the major life activity of walking. (Compl.  ¶ 3.)  The Court finds that this allegation meets the pleading requirement of demonstrating that Plaintiff is a disabled individual.  See 29 C.F.R. § 1630.2(g)(1)(i) ("disability means, with respect to an individual[,] a physical or mental impairment that substantially limits one or more major life activities of such individual); 42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking . . . .").[2]  Likewise, the Court

---

[2] The Court rejects Defendant's reliance on Duldulao v. La Creperia Café, Inc., No. 8:11–cv–1413–T–23TBM, 2011 WL 6840585, at * 3 (M.D. Fla. Dec. 29, 2011).  That court held that merely stating that the plaintiff used a wheelchair is insufficient to plead a disability. Id.

finds that by pleading that Defendants are the owner/operators of a shopping and office center (Compl. ¶ 4), Plaintiff has adequately alleged the second element of the prima facie case.  42 U.S.C. 12181(7)(E) and (F); see Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1240 (11th Cir. 2000) (noting that Congress provided for a "comprehensive definition of 'public accommodation'" in Title III of the ADA); Ramnarine v. Epic Realty of Ohio II, LLC, No.10–81162–CIV, 2011 WL 52410,  at * 1-2 (S.D. Fla. Jan. 6, 2011) (allegation that the defendant is a shopping center meets the requirement of a "public accommodation.") Next, the Court concludes that, by listing various physical barriers that preclude or limit Plaintiff's ability to access the full and equal enjoyment of Defendant's property (Compl. ¶ ¶ 9, 20, 21), Plaintiff has alleged Defendant discriminated against him.    Finally, the Court finds that Plaintiff adequately alleged that the removal of the barriers at the property is readily achievable. (Compl. ¶ 22.)

The Court disagrees with Defendant's argument that the Complaint lacks specificity regarding the barriers, or how these barriers violate the ADA and restrict Plaintiff's access to the property.  Instead, the Court finds that the Complaint gives Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a).  The Complaint alleges that the various barriers limit Plaintiff's ability to enjoy the premises fully and equally (Compl. ¶ 20), and prevent him from fully accessing the property (Compl. ¶ 9).   The Complaint also alleges that Plaintiff intends to visit the property again (Compl. ¶ ¶ 3, 10.)  Based on these allegations, the Court finds that Plaintiff has afforded Defendant ample notice of what the case

Unlike the instant case, however, the Duldulao plaintiff did not allege that he had permanent damage to his spinal cord as the result of a broken neck.

involves and satisfies the pleading requirements articulated in <u>Twombly</u> and <u>Iqbal</u>.  To the

extent Defendant seeks more specific allegations of ADA violations, discovery will provide that

specificity.[3]  The same applies to Defendant's contention that Plaintiff be required, at the

pleading stage, to provide additional specificity regarding the nature and cost of the action

needed to remedy the violations and the overall financial resources of Defendant.[4]  (Mot. at 6.)

Plaintiff could not have pre-suit data of the cost of renovating the property without having access

by professionals who could conduct an inspection. Nor could Plaintiff have the ability to evaluate

Defendant's financial means to renovate the property without the benefit of discovery.

Turning now to Defendant's claim that Plaintiff lacks standing, the Court begins by

observing that Article III only grants federal courts judicial power to decide actual cases and

controversies.  <u>Allen v. Wright</u>, 468 U.S. 737 (1984).   The constitutionally minimum

requirements for standing are (1) the plaintiff must have suffered, or must face an imminent and

not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting

in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's

---

[3] Defendant accuses Plaintiff of alleging a "cut-and-paste list"of violations, taken from
other ADA complaints filed by Plaintiff.  This statement, however, is outside of the four corners
of the Complaint and will not be considered by the Court. <u>See</u> <u>St. George v. Pinellas County</u>, 285
F.3d 1334, 1337 (11th Cir. 2002) (scope of review on a motion to dismiss is limited to the four
corners of the complaint).  To the extent Defendant argues this fact mitigates against finding
standing, the Court disagrees. <u>See</u> <u>Kittok v. Leslie's Poolmart, Inc.</u>, 687 F. Supp. 2d 953, 959
(C.D. Cal. 2009) ("[t]he persistence of plaintiffs in bringing multiple lawsuits alleging unequal
access to places of public accommodation does not demonstrate wrongdoing by plaintiffs any
more than it shows a hesitation of businesses to comply with the law. . .")

[4]  In so ruling, the Court chooses not to follow <u>Hoewischer v. Park Shopping, Ltd.</u>, No.
3:10–cv–810–J–37JBT, 2011 WL 4837259, at * 4 (M.D. Fla. Oct. 12, 2011) relied upon by
Defendant.  That case found that this information is required at the pleading stage.  This Court
does not believe such allegations are necessary to state a valid claim under the ADA.

6

complained-of actions and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury." Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001).  With respect to ADA cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

With this standard in mind, the Court finds that Plaintiff has properly alleged standing. Plaintiff has alleged an injury in fact, given that, as a disabled individual, he was discriminated against by Defendant when he attempted to enjoy Defendant's property, and he faced numerous barriers to accessibility. (Compl. ¶¶ 3, 9-11, 20-21.)   Plaintiff has alleged a casual connection between this injury in fact and the action of Defendant, by explaining that the barriers on Defendant's property restricted and will continue to restrict his ability to the full and equal enjoyment of the property. (Compl. ¶¶ 3, 9-11, 20.)  Moreover, Plaintiff has alleged that his injury is likely redressable by a favorable court decision.  Indeed, Plaintiff explains that he has been discriminated against, is without an adequate remedy at law, is suffering irreparable harm and will continue to do so unless the barriers are removed. (Compl. ¶¶ 11, 23.)

Defendant complains that Plaintiff has failed to provide the necessary specificity with respect to the date and time when he visited Defendant's property, how the alleged barriers prevent access, and what dangerous conditions and ADA violations existed at the property.

Plaintiff has, however, provided the date of his visit (Compl. ¶ 9) and the Court believes this is sufficient.  The kind of barriers of which Plaintiff complains would not differ based on the time of day.  As for the alleged ADA violations, the Court has already concluded that adequate specificity has been made at the motion to dismiss stage. (Compl. ¶ 20.)  Furthermore, it can properly be inferred that the physical barriers identified in the Complaint would prevent access to a wheelchair-bound individual. (Compl. ¶ ¶ 3, 20.)

Lastly, the Court rejects Defendant's assertion that the Complaint does not support injunctive relief because future harm is not adequately alleged. (Mot. at 8-10.)  Defendant claims that Plaintiff's mere allegation that he will return to the property in the near future is insufficient. (Compl. ¶ ¶ 3, 10)   In Stevens v. Premier Cruises, Inc., the Eleventh Circuit reversed the district court for finding that the plaintiff's proposed amended complaint, which stated that she wanted to use the defendant's facility in the "near future," was futile for failure to plead standing. Stevens, 215 F.3d 1237, 1239 (11ᵗʰ Cir. 2000).  Moreover, in Stevens, the facts involved traveling on a cruise ship, which presumably requires more forethought and planning than returning to a shopping and office center.[5]  Thus, if the Stevens plaintiff met the standing requirements by alleging a return in the "near future," Plaintiff has done so in this case.

For the foregoing reasons, the Court denies Defendant's motion to dismiss.

---

[5]  Despite Defendant's argument, Plaintiff is not required to allege the standard requirements for equitable relief. (Mot. at 8-10.)  "The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief."Antoninetti v. Chipotle Mexican Grill, 643 F.3d 1165, 1175 (9ᵗʰ Cir. 2010) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 827 (9th Cir. 2001)).

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant'S Motion to

Dismiss Plaintiff's Complaint (DE 8) is **DENIED.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 29th day of June, 2012.

_____

KENNETH A. MARRA
United States District Judge